**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Sonia Yamileth Reyes Arauz,　　　　　) | Case No. |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　Petitioner,　　　　　　　　　　) | **EMERGENCY PETITION FOR** |
| 　　　　　　　　　　　　　　　　　　) | **WRIT OF HABEAS CORPUS** |
| v.　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| David WESLING, Field Office Director,　) | |
| TODD LYONS, Acting Director U.S.　　) | |
| Immigrations and Customs Enforcement,　) | Agency Number: 098-935-412 |
| and KRISTI NOEM, U.S. Secretary　　　) | |
| of Homeland Security,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　Respondents.　　　　　　　　　) | |

## <u>INTRODUCTION</u>

1.      Petitioner Sonia Yamileth Reyes Arauz ("Ms. Reyes") has been detained by the Department of Homeland Security ("DHS") since September 9, 2025.

2.      Ms. Reyes is a native and citizen of Honduras. She entered the United States over ten years ago. She has 3 children and is the main caretaker of her son with a serious mental illness.

3.      On September 9, 2025, Ms. Reyes was arrested by federal agents and placed in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Upon information and belief, she is currently being held at ICE Boston Field Office in Burlington, Massachusetts.

4.      Upon information and belief, Ms. Reyes has been kept at the Boston Field Office since her abrupt transfer from the Cumberland County Jail on January 22, 2026, despite that the Field Office is a temporary holding facility that is not intended to hold detainees for more than 12 hours. There is no bed or bedding or appropriate hygiene facilities for detainees. The food is

inadequate and access to counsel is restricted. *See, e.g.,* Miriam Wasser (WBUR), *Inside the Burlington office ICE has used to detain immigrants* (WBUR July 18, 2025), publicly available at https://www.wbur.org/news/2025/07/18/massachusetts-immigration-ice-burlington-field-office-unsanitary-conditions-diaz-martinez.

5.      The conditions of Ms. Reyes's confinement are unlawful. Upon information and belief, Ms. Reyes is in a crowded holding cell with no bed or bedding, no personal hygiene facilities, no access to a shower, and she is not being provided medication for ongoing medical conditions.

6.      The conditions for overnight detention at the ICE/ERO Field Office do not meet basic standards for prison conditions sufficient to satisfy the Fifth Amendment.

7.      Further, the Department of Homeland Security ("DHS") has alleged Ms. Reyes is subject to reinstatement of a prior removal order pursuant to 8 U.S.C. § 1231(a)(5). Ms. Reyes manifested a fear of return to Honduras, and she subsequently had a reasonable fear interview with an asylum officer from USCIS. The asylum officer issued a negative reasonable fear determination and Ms. Reyes requested that an Immigration Judge review this decision. On November 6, 2025, an Immigration Judge from the Chelmsford Immigration Court vacated the asylum officer's negative reasonable fear determination and found that Ms. Reyes held a reasonable fear of being returned to Honduras. The Immigration Judge advised that Ms. Reyes would soon be scheduled for Withholding Only proceedings before the Immigration Court where an Immigration Judge would hear her case and make a decision. To date, Ms. Reyes has not been scheduled for Withholding Only Proceedings and over two months have passed since the Immigration Judge vacated the asylum officer's decision.

8.      DHS's failure to file a referral to the Immigration Judge to schedule Ms. Reyes for a hearing in her Withholding Only proceedings for over two months is depriving Ms. Reyes of her right to see an Immigration Judge and adjudicate her application for Withholding of Removal and Protection Under the Convention Against Torture in violation of the Due Process Clause of the Fifth Amendment.

9.      Furthermore, though Ms. Reyes has been detained for over 90 days, upon information and belief, her immigration attorney has not received any notification of ICE having conducted a custody review interview, despite counsel having a G-28 Notice of Appearance on file since October 22, 2025.

10.     **Accordingly, by this petition, Ms. Reyes requests that the Court order her immediate release from detention. In the alternative, Ms. Reyes respectfully requests a bail hearing by this Court or that the Court order the Immigration Court to order a bond hearing.**

## REQUIREMENTS OF 28 U.S.C. § 2243 FOR PROMPT PROCESS

11.     A court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*. (emphasis added).

## LEGAL FRAMEWORK

12.     The Due Process Clause of the Fifth Amendment provides that "[n]o person shall be … deprived of life, liberty, or property, without due process of law." Under the Due Process Clause, "liberty is the norm, and detention prior to trial or without trial is the carefully limited

exception." *United States v. Salerno*, 481 U.S. 739, 748, 755 (1987). Detention "for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992).

13.     For immigration detainees, as with other civil detainees, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Although immigration authorities "may intercept individual aliens and subject them to hearings for the purpose of determining whether they are deportable and restrain them of their liberties for enforced deportation after hearing, . . . detention for long and unreasonable periods before hearing is illegal." *Carlson v. Landon*, 186 F.2d 183, 186 (9th Cir. 1950).

14.     "The first appearance has such great value in protecting numerous rights that its denial presumptively disrupts those rights. Therefore, as a matter of constitutional prophylaxis, the denial of a first appearance offends the Due Process Clause." *Armstrong v. Squadrito*, 152 F.3d 564, 573 (7th Cir. 1998).

15.     To determine if a post-arrest hearing is sufficiently prompt to satisfy the Due Process Clause, courts consider three distinct factors: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

16.     Under this framework, the current delay in presenting Petitioner to an immigration judge violates due process because, among other things, the individual's interest in freedom from

restraint is paramount and the government has no legitimate interest in delaying first appearance before an immigration judge, and any burdens in ensuring a prompt appearance cannot defeat the right to a prompt hearing given the deprivation of liberty. See *Cancino Castellar v. McAleenan*, 388 F. Supp.3d 1218 (S.D. Cal. 2019) (substantive and procedural due process require prompt presentment in immigration context). *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

17.   There is no statutory requirement for Ms. Reyes to exhaust administrative remedies. *See Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025) ("[E]xhaustion is not require by statute in this context."); *Romero,* 2025 WL 2403827, at *6-8.

18.   Accordingly, there is no requirement for Ms. Reyes to further exhaust administrative remedies before pursuing this Petition.  *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

## JURISDICTION AND VENUE

19.   This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

20.   Venue is proper because Ms. Reyes is being held in Burlington, Massachusetts which is in this District. Venue is also proper in this District because Respondents are officers and employees of the United States, a substantial part of the events or omissions giving rise to his claims occurred here, and no real property is at issue. 28 U.S.C. § 1391(e).

## PARTIES

21.   Petitioner is a citizen of Honduras Upon information and belief, she is currently detained at ICE Boston Field Office in Burlington, Massachusetts. Upon information and belief,

5

she entered the United States without inspection and is subject to a reinstated order of removal.

22.     Respondent David T. Wesling is the Acting New England Field Office Director for ICE. He is a legal and physical custodian of Ms. Reyes and is named in his official capacity.

23.     Respondent Todd Lyons is the Acting Director of ICE. He is a legal custodian of Ms. Reyes and is named in his official capacity.

24.     Respondent Kristi Noem is the U.S. Secretary of Homeland Security. She is a legal custodian of Ms. Reyes and is named in her official capacity.

**CLAIMS FOR RELIEF**

**COUNT ONE**
**Violation of the Fifth Amendment**
**(Based Upon Inhumane Conditions of Confinement)**

25.     Ms. Reyes incorporates by reference the allegations of fact set forth in the preceding paragraphs.

26.     The ICE/ERO Boston Field Office is a temporary holding facility. It is not intended to house overnight detainees. It does not provide beds or bedding to detainees, suitable personal hygiene facilities, sufficient food, comfortable indoor temperatures, or unrestricted access to counsel. It intended to hold detainees for not more than 12 hours.

27.     The conditions at the ICE/ERO Boston Field Office for overnight civil detainees constitute inhumane conditions of confinement.

28.     Respondents' civil detention of Ms. Reyes at the ICE/ERO Boston Field Office violates the Fifth Amendment of the U.S. Constitution

**COUNT TWO**
**Violation of the Fifth Amendment Right to Due Process**
**(Procedural and Substantive Due Process)**

29.     Ms. Reyes incorporates by reference the allegations of fact set forth in the preceding

6

paragraphs.

30.    Ms. Reyes is currently in the custody of Respondent under or by color of the authority of the United States- that is, detained, upon information and belief, in the Burlington, MA ERO office.

31.    Ms. Reyes has been subjected to detention by Respondent at the direction of DHS.

32.    "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

33.    The Fifth Amendment's Due Process Clause specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend. V.

34.    "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law"); *cf. Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020) (holding noncitizens due process rights were limited where the person was not residing in the United States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

35.    "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas*, 533 U.S. 678 at (2001).

36.    The Supreme Court has thus "repeatedly recognized that civil commitment for any

purpose constitutes a significant deprivation of liberty that requires due process protection," including an individualized detention hearing. *Addington v. Texas*, 441 U.S. 418, 425 (1979) (collecting cases); *see also Salerno*, 481 U.S. at 755 (requiring individualized hearing and strong procedural protections for detention of people charged with federal crimes); *Foucha v. Louisiana,* 504 U.S. 71, 81-83 (1992) (same for civil commitment for mental illness); *Kansas v. Hendricks,* 521 U.S. 346, 357 (1997) (same for commitment of sex offenders).

37.     Ms. Reyes was arrested inside the United States and is being held without being provided any individualized detention hearing.

38.     Ms. Reyes's continuing detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

**COUNT THREE**
**Violation of the Administrative Procedures Act, 5 U.S.C. §§ 702, 706(1), (2)(A)-(D)**

39.     Ms. Reyes incorporates by reference the allegations of fact set forth in the preceding paragraphs.

40.     The Administrative Procedure Act provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

41.     The Administrative Procedure Act further provides that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or] without observance of procedure required by law." 5 U.S.C §§ 706(1), (2)(A)-(D).

8

## COUNT FIVE
### Violation of Fifth Amendment Right to Due Process
### (Substantive Due Process)

42.    Ms. Reyes incorporates by reference the allegations of fact set forth in the preceding paragraphs.

43.    Because Ms. Reyes is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a "reasonable relation" to the purposes of immigration detention (*i.e.*, the prevention of flight and danger to the community during the pendency of removal proceedings) and is not impermissibly punitive. *See Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring).

44.    Ms. Reyes's detention is therefore unlawful regardless of what statute might apply to purportedly authorize such detention.

## PRAYER FOR RELIEF

Wherefore, Ms. Reyes respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Ms. Reyes shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Ms. Reyes immediately, or, in the alternative, provide Ms. Reyes with a bond hearing and order Ms. Reyes's release on conditions the Court deems just and proper;

(5) Order that Respondents shall not retaliate against Ms. Reyes in the bond hearing or otherwise for filing this habeas petition;

(6) Award Ms. Reyes's attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law;

(7) Grant any further relief this Court deems just and proper.

Respectfully submitted,

*/s/ Irene C. Freidel*
Irene C. Freidel
BBO# 559051
PAIR Project
98 N. Washington Street, Suite 106
Boston, MA 02114
ifreidel@pairproject.org
(617) 947-6349

*Pro bono counsel for Petitioner*

Dated:  January 23, 2026

10

## <u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>

I, Irene C. Freidel, declare as follows:

I am an attorney admitted to practice law in the Commonwealth of Massachusetts. Because many of the allegations of this Petition require a legal knowledge not possessed by Petitioners, I am making this verification on their behalf. I have read the foregoing Petition for Writ of Habeas Corpus and know the contents thereof to be true to my knowledge, information, or belief.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 23, 2026.


*/s/ Irene C. Freidel*
Irene C. Freidel

11

12