UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SONIA YAMILETH REYES ARAUZ,

Petitioner,

v.

DAVID WESLING, *et al.*,

Respondents.

No. 1:26-cv-10316-IT

**RESPONDENTS' OPPOSITION TO
PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1)**

The Court should deny Petitioner Sonia Yamileth Reyes Arauz's Petition for a Writ of

Habeas Corpus.  Doc. No. 1.  U.S. Immigration and Customs Enforcement's ("ICE") position is

that Petitioner is subject to detention because she has a final order of removal.  *See* 8 U.S.C.

§ 1231(a)(6).

**I.    BACKGROUND**

Petitioner alleges that she "is a native and citizen of Honduras."  Pet. for Writ of Habeas

Corpus (Jan. 23, 2026), Doc. No. 1, ¶ 2.  ("Pet.").  "She entered the United States over ten years

ago."  *Id*.  "She has 3 children and is the main caretaker of her son with a serious mental illness."

*Id*.  Petitioner alleges that immigration authorities detained her on September 9, 2025.  *Id*. ¶ 3.

She further alleges that she was held at ICE's Boston field office "since her abrupt transfer from

the Cumberland County Jail" in Maine on January 22, 2026.  *Id*. ¶ 4.

More than 20 years ago, on June 24, 2005, Petitioner was ordered removed *in absentia* to

Honduras upon a charge of inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i).  Ex. 1, Notice of

Intent/Decision to Reinstate Prior Order (Sept. 9, 2025), at 1; Ex. 2, Order of Removal (June 24,

2005), at 1–2.  She was removed on January 15, 2010.  Ex. 1, Notice of Intent/Decision to

Reinstate Prior Order (Sept. 9, 2025), at 1.  Thereafter, she "illegally reentered the United States" at an unknown time.  *Id*. at 1.  On September 9, 2025, ICE reinstated Petitioner's order of removal.  *Id*.

Petitioner alleges she claimed a fear of return to Honduras, but an "asylum officer issued a negative reasonable fear determination."  Pet., Doc. No. 1, ¶ 7.  Petitioner then "requested that an Immigration Judge review this decision."  *Id*.  And "[o]n November 6, 2025, an Immigration Judge . . . vacated the asylum officer's negative reasonable fear determination and found that [Petitioner] held a reasonable fear of being returned to Honduras."  *Id*.  Although Petitioner's Withholding Only proceedings had not been scheduled when Petitioner filed her habeas Petition, *id*. the Withholding Only proceedings now are scheduled for February 4, 2026.  Ex. 3, Notice of Internet-Based Hearing (Jan. 28, 2026), at 1.

The Petition asserts four claims.  First, Petitioner alleges that the conditions of confinement at ICE's Boston field office violate due process.  Pet., Doc. No. 1, ¶¶ 25–28.  Second, Petitioner alleges that her detention without a bond hearing violates due process.  *Id*. ¶¶ 29–38.  Third, Petitioner alleges that her detention violates the Administrative Procedure Act.  *Id*. ¶¶ 39–41.  Finally, Petitioner alleges that her detention bears no "reasonable relation" to the purposes of immigration detention, such that it violates due process.  *Id*. ¶¶ 42–44.  She seeks immediate release or a bond hearing.  *Id*. ¶ 10.

## II.    PETITIONER'S DETENTION LOCATION

ICE informs undersigned counsel that it transferred Petitioner from Massachusetts to provide her bedspace.  More specifically, ICE informs undersigned counsel that Petitioner left Bedford, Massachusetts on a flight at 2:12 p.m. EST on January 23, 2026.  Petitioner filed her habeas petition later that afternoon, at 3:55 p.m., and the Court issued an order precluding

Petitioner's transfer absent advance notice at 4:24 p.m. that day.  Doc. No. 3 at 3–4.  ICE informs undersigned counsel that Petitioner landed in Louisiana at 7 p.m. EST that day.  ICE further informs undersigned counsel that Petitioner is detained at the South Louisiana ICE Processing Center, 3843 Stagg Avenue, Basile, LA, 70515.[1]

Respondents do not contest that this Court retains jurisdiction over this petition.  *See Moreira Aguiar v. Moniz*, No. 25-cv-12706-IT, 2025 WL 2987656, at *1–3 (D. Mass. Oct. 22, 2025).

## III.    LEGAL STANDARD

Section 2241 of Title 28 of the United States Code provides district courts with jurisdiction to hear federal habeas petitions.  It is Petitioner's burden to establish entitlement to a writ of habeas corpus by proving that her custody violates the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2241(c)(3); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to an unlawful detention is on the petitioner.").

## IV.    ARGUMENT

### A.    Petitioner is Subject to Detention Pursuant to 8 U.S.C. § 1231(a)(6)

First, detaining Petitioner is statutorily permissible.  To be sure, Petitioner is now outside the 90-day removal period during which the government "shall detain" her.  8 U.S.C. § 1231(a)(2)(A).  However, 8 U.S.C. § 1231(a)(6) allows ICE to detain Petitioner because she is ordered removed and inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i).  *See*

---

[1] ICE also informs undersigned counsel that the only available place of detention for Petitioner in Massachusetts is at the hold room at ICE's Boston field office in Burlington, Massachusetts.

*Quezada-Martinez v. Moniz*, 722 F. Supp. 3d 7, 11 (D. Mass. 2024) ("[A]s a non-citizen 'inadmissible under section 1182,' [petitioner's] detention is authorized by § 1231(a)(6)" under "the text of the statute as well as . . . Supreme Court precedent." (quoting 8 U.S.C. § 1231(a)(6))); *Rodriguez-Guardado v. Smith,* 271 F. Supp. 3d 331, 335 (D. Mass. 2017) (finding ICE "has statutory authority" under § 1231(a)(6) to detain an inadmissible alien beyond the removal period.).

And the Supreme Court has held that § 1231(a)(6) does not contemplate bond hearings. *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 580-81 (2022). The Supreme Court explained that § 1231(a)(6)'s plain text "says nothing about bond hearings before immigration judges or burdens of proof" and the Court therefore held no statutory requirement to conduct bond hearings exists. *Id.* at 581. Accordingly, Petitioner is subject to detention under 1231(a)(6) without entitlement to a bond hearing.

**B.      The Constitution Does Not Preclude Detention of Petitioner**

Moreover, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). And Petitioner's due process claims fail because detention for six months in this context is "presumptively reasonable," *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), and Petitioner was detained less than six months ago, on September 9, 2025, Pet., Doc. No. 1, ¶ 1; *see Rodriguez-Guardado,* 271 F. Supp. 3d at 335 ("As petitioner has been detained for approximately two months as of this date, the length of his detention does not offend due process."); *Julce v. Smith*, No. 18-cv-10163-FDS, 2018 WL 1083734, at \*5 (D. Mass. Feb. 27, 2018) (deeming a habeas petition "premature at best" because it was filed after "only three months" of post-final-order detention).

If, however, "the government continues to detain [Petitioner] indefinitely without a significant likelihood of removal, then petitioner may have a basis to challenge [her] detention as violative of both § 1231(a) and the Constitution." *See Dambrosio v. McDonald*, No. 25-cv-10782-FDS, 2025 WL 1070058, at *2 (D. Mass. Apr. 9, 2025) (citing *Zadvydas*, 533 U.S. at 701); *see also Quezada-Martinez*, 722 F. Supp. 3d at 11–12 (concluding that petitioner detained for eleven months "made a showing that there is no significant likelihood he will be removed in the reasonably foreseeable future" where his removal proceedings were not near conclusion). At this point, however, Petitioner's detention is permissible.

In any event, the First Circuit recently determined that an individual detained for more than four years as he pursued withholding-only proceedings could not make the initial showing that his detention violated the *Zadvydas* framework because his "situation is readily distinguishable from *Zadvydas*." *G.P. v. Garland*, 103 F.4th 898, 901 (1st Cir. 2024). Unlike the two individuals in *Zadvydas* who faced potentially permanent detention because of being stateless, the First Circuit found that G.P.'s detention was finite because "if he is ultimately denied relief, the government will be able to move forward with removing him" from the United States. *Id.* at 902.

The First Circuit noted that G.P. was "unable to provide any decision where a court ordered a noncitizen to be released under *Zadvydas* while removal or withholding-only proceedings remained pending before the agency." *Id.* at 903. The First Circuit thus held that, despite being detained for four years and with resolution of proceedings not imminent, G.P.

"failed to show that there is no significant likelihood of [his] removal in the reasonably foreseeable future."[2]  *Id.* at 902–03 (internal quotations omitted).

## V.    CONCLUSION

For the foregoing reasons, the Court should deny the petition (Doc. No. 1).

Dated: January 28, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    */s/ Julian N. Canzoneri*
Julian N. Canzoneri
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3170
julian.canzoneri@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on January 28, 2026.

*/s/ Julian N. Canzoneri*
Julian N. Canzoneri
Assistant U.S. Attorney

---

[2] Finally, Petitioner's claim regarding conditions of confinement at the Boston field office does not sound in habeas.  Pet., Doc. No. 1, ¶¶ 25–28; *see, e.g.*, *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Allen v. McCurry*, 449 U.S. 90, 104 (1980).