**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Sonia Yamileth Reyes Arauz, ) | |
| ) | Case No. 26-cv-10316-IT |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| David WESLING, Field Office Director, ) | |
| TODD LYONS, Acting Director U.S. ) | |
| Immigrations and Customs Enforcement, ) | Agency Number: 098-935-412 |
| and KRISTI NOEM, U.S. Secretary ) | |
| of Homeland Security, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**<u>Declaration of Rachel Amelia Lerman</u>**

I, Rachel Lerman, hereby declare under oath based upon personal knowledge except where

otherwise indicated:

1. My name is Rachel Amelia Lerman, and I am a clinical fellow with the Medical-Legal Partnership Clinic at Yale Law School. I am *pro bono* immigration counsel for Ms. Sonia Yamileth Reyes Arauz ("Ms. Reyes").

2. On October 22, 2025, I submitted a Form G-28 Notice of Entry of Appearance as Attorney or Accredited Representative to the Department of Homeland Security ("DHS") indicating that I am an attorney in good standing and that I represent Ms. Reyes in all matters before DHS Enforcement and Removal Operations ("ERO"). A true and correct copy of my online submission via the ERO e-filing system is attached hereto as Exhibit 1. *See also* https://www.ice.gov/eroefile.

3. When I started representing Ms. Reyes, she was detained in DHS custody at the Cumberland County Jail at 50 County Way, Portland, ME 04102, under the custody of the Boston ERO office.

4. Since entering my G-28 on October 22, 2025, I have not received any notice of a custody review having been conducted for Ms. Reyes, nor did I receive a copy of the decision from ICE. I did not receive documentation or communication from ICE via email or regular mail regarding a custody review.

5. On December 4, 2025 and December 8, 2025, I emailed ICE Deportation Officer Derek Cola, whom Cumberland County Jail staff informed me was the ICE liaison at the jail. A true and correct copy of my emails to Officer Cola is attached hereto as Exhibit 2. I wrote to him requesting permission for Ms. Reyes to undergo a medical and psychological evaluation at the facility. He did not respond to any of my emails. On December 12, 2025, I reached out to Officer Cola again and cc'd the Boston ERO office, but once again did not receive any response. *Id.*

6. On January 22, 2026, I received a call from Ms. Reyes's daughter informing me that Ms. Reyes had told a family member that she thought she was going to be transferred out of the Cumberland County Jail. I immediately emailed the Boston ICE/ERO Field Office in Burlington, MA at boston.outreach@ice.dhs.gov to inquire about Ms. Reyes's case and whether there were plans to transfer her. A true and correct copy of my email to the Boston ICE/ERO Field Office is attached hereto as Exhibit 3. ICE did not respond to my email.

7. Soon after, I received a call from Ms. Reyes who was at the Cumberland County Jail in Portland, ME. She said she did not have a lot of time to talk because she was told that she is being transferred and the guards were coming to get the tablets. She told me that it appeared that all the individuals under DHS custody who were detained at the Cumberland County Jail were being moved out of the jail. She did not know where she was being taken.

8. On January 23, 2026, the Immigration and Customs Enforcement ("ICE") detainee locator did not provide a location for Ms. Reyes. It stated that she was in ICE custody but said to "Call ICE For Details". A true and correct copy of the printout of the ICE detainee locator is attached hereto as Exhibit 4.

9. On January 23, 2026, at 8:19 am, I sent another email to the Boston ICE/ERO email address inquiring as to Ms. Reyes's whereabouts. A true and correct copy of my email to the Boston ICE/ERO Field Office is attached hereto as Exhibit 5. I had previously received email communication regarding a different client from a Deportation Officer with the Boston ERO office, so I also sent him an email inquiring as to Ms. Reyes's whereabouts. A true and correct copy of my email to Officer Andre at the Boston ICE/ERO Field Office is attached hereto as Exhibit 6. Neither ICE nor the Deportation Officer responded to my email.

10. Still on January 23, 2026, I attempted to call the phone number listed for Boston ICE/ERO at (781) 359-7500. There was an automated message that instructs callers to send an email to boston.outreach@ice.dhs.gov and then the line hung up.

11. I came to understand that most if not all women from the Cumberland County Jail had been transferred by ICE to the ICE/ERO Boston Field Office in Burlington, MA. Upon information and belief, Ms. Reyes was in the custody of Boston ERO in Burlington, MA on January 23, 2026.

12. Thus, out of immense concern for Ms. Reyes's well-being, I communicated with Massachusetts attorney Irene C. Freidel to assist in filing a Petition for a Writ of Habeas Corpus on behalf of Ms. Reyes in United States District Court for the District of Massachusetts.

13. On January 23, 2026, at 5:14pm, I sent another email to Officer Andre to inquire as to Ms. Reyes's whereabouts. A true and correct copy of my email to Officer Andre at the Boston ICE/ERO Field Office is attached hereto as Exhibit 7. I received an automatic reply that included another number to call: (781) 359- 7600. *Id.*

14. I called (781) 359- 7600 at 5:15pm on January 23, 2026. I spoke with someone who informed me that the system showed Ms. Reyes was in Boston and a transfer to Oakdale in Louisiana was scheduled that day.  The individual did not inform me of specific times that a transfer had or would occur, despite my request for this information.

15. On January 23, 2026 at 7:26 pm, I received an email from the ICE service desk informing me that ERO has an automated notification regarding my client.  A true and correct copy of the email and notification is attached hereto as Exhibit 8. I logged in to the ERO e-file system and saw that the notification was pertaining to Ms. Reyes. *Id.* It indicated a detainee transfer to the South LA ICE Processing Center. *Id.* The notification was time-stamped "2026-01-23 19:26:03." *Id.*

16. On January 23, 2026 at around 8:30 pm, I called the South Louisiana ICE Processing Center to inquire whether Ms. Reyes was there. I spoke with someone in the intake department who informed me that Ms. Reyes was not there. The person I spoke with told me that there was another group of women who were going to arrive later, and that Ms. Reyes may be part of that group. They suggested that I call back the following day to confirm whether Ms. Reyes was there.

17. I was finally able to speak with Ms. Reyes on January 25, 2026, at about 10:49 pm. We only had approximately 10 minutes to communicate. In that time, Ms. Reyes told me that she arrived at the facility in Louisiana late at night on Friday, January 23. She told me that she had been held in the Burlington, MA ICE office, and on Thursday night, there were approximately 75 women in a small room in the ICE office. She said that many women had trouble breathing because the room was so crowded, 7 people fainted and 3 people were taken to the hospital.

18. On January 26, 2026, Ms. Reyes was able to call me again briefly. She said the conditions at the facility in Louisiana are very hard. There are certain times when there is no water and they cannot use the bathroom. Yesterday, there was no water from 5pm to 3am and the guards said the detainees could not use the bathrooms because there was no water.

Also, she had been receiving medication 2 times a day at the Cumberland County Jail, but she said that since her transfer, she has not received her medication.

19. Ms. Reyes is a native and citizen of Honduras. She has 3 children and is the main caretaker of her son with a serious mental illness. On November 6, 2025, an Immigration Judge from the Chelmsford Immigration Court vacated the asylum officer's negative reasonable fear determination and found that Ms. Reyes held a reasonable fear of being returned to Honduras. A true and correct copy of the Immigration Judge Order is attached hereto as Exhibit 9.

20. The Immigration Judge advised Ms. Reyes on November 6, 2025 that she would soon be scheduled for Withholding Only proceedings. Ms. Reyes had been waiting in detention for over two months without being given the opportunity to see a judge or pursue her Application for Withholding of Removal/Protection Under the Convention Against Torture.

21. On January 28, 2026, the Department of Homeland Security filed an I-863 Withholding Only document with the Chelmsford Immigration Court, thereby initiating Ms. Reyes's Withholding Only proceedings. A true and correct screenshot of the Immigration Court online filing system is attached hereto as Exhibit 10. A case notice was issued, scheduling an Individual Hearing at the Chelmsford Immigration Court on February 4, 2026. *Id.*

22. On January 29, 2026, I called the Chelmsford Immigration Court to inquire why Ms. Reyes had been scheduled for an Individual Hearing instead of a Master Calendar Hearing as proceeding had just initiated. The Immigration Court subsequently issued a new notice for a Master Calendar Hearing to take place on February 5, 2026, in Chelmsford, MA. A true and correct screenshot of the Immigration Court online filing system is attached hereto as Exhibit 11.

23. Now that Ms. Reyes is in Louisiana, it has been very difficult to schedule legal calls with her, and I anticipate that any preparation for her case moving forward will be very difficult. It took over a week to get a legal call scheduled with Ms. Reyes. Though I requested a legal call on 1/23/2026, the detention center responded that their first availability for a legal call was 1/30/2026 at 4:30pm CST.

24. I am representing Ms. Reyes *pro bono,* and I do not have the resources to fly down to Louisiana to meet with her and prepare her case.

25. Additionally, based on my experience, it will likely take an additional number of weeks to transfer and schedule her case from the Chelmsford Immigration Court to the Oakdale Immigration Court in Louisiana, resulting in an additional delay in Ms. Reyes's proceedings. It is therefore likely that the Immigration Court will not adjudicate Ms. Reyes claims for protection for a number of months, and if there is an appeal, it could likely take six months or more for the appeal to be resolved if Ms. Reyes remains detained. Accordingly, Ms. Reyes could easily experience a year or more of detention before her case is concluded.

26. My office is in New Haven, Connecticut and if Ms. Reyes were to be released, she intends to return to her family in Waterbury, Connecticut. Ms. Reyes would therefore have easy access to her legal counsel. This is especially important given Ms. Reyes's Post Traumatic Stress Disorder diagnosis and the importance of being able to meet in person given the associated symptoms and trauma that arises when discussing her traumatic history.

I, Rachel Amelia Lerman, declare under penalty of perjury that the foregoing statements are true and correct.

_/s/Rachel Lerman_____                                    _01/30/2026_____
Rachel Lerman, Esq.                                       Date

**<u>Certificate of Service</u>**

I hereby certify that I caused the foregoing declaration to be served on Respondents'counsel on this 30th day of January, 2026 via the CM/ECF platform.

*/s/ Irene C. Freidel*
Irene C. Freidel